# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-92-3759 |
| WILLIAM K. DAVIS, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

On April 28, 1993, this court entered judgment against the defendant William K. Davis, in the amount of $630,119.00. No payment was made and no execution issued. Including interest at the rate of 6.28% per annum, the judgment is approximately $815,621.83. The FDIC, plaintiff, now moves to revive the judgment under state law, in accordance with Rules 69(a) and 81(b) of the Federal Rules of Civil Procedure.

Rule 69(a) sets out the practice and procedure to be applied in executing a judgment:

> The procedure on execution, in proceedings on and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

FED. R. CIV. P. 69(a). *See FDIC v. Shaid*, 142 F.3d 260, 261–62 (5th Cir. 1998) (applying state law in its analysis of an action to revive a judgment). According to state law, "[i]f a

writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived." TEX. CIV. PRAC. & REM. CODE ANN. § 34.001. "A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant." *Id.* at § 31.006. Scire facias refers to "[a] writ requiring the person against whom it is issued to appear and show cause ... why a dormant judgment against that person should not be revived." BLACK'S LAW DICTIONARY (8th ed. 2004). Under Texas law, "[t]he scire facias and returns thereon . . . shall conform to the requisites of citations and the returns thereon, under the provisions of these rules." TEX. R. CIV. P. 154.

Rule 81(b) provides that "writs of scire facias and mandamus are abolished. Relief heretofore available by mandamus or scire facias may be obtained by appropriate action or by appropriate motion under the practice prescribed in these rules." FED. R. CIV. P. 81(b).

This court entered the judgment that the FDIC seeks to revive on April 28, 1995. The judgment became dormant ten years later, on April 28, 2005. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 34.001. The FDIC could seek to revive the judgment no later than April 28, 2007. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.006. The motion to revive the judgment is timely because it was filed after the judgment became dormant and before the expiration of two additional years.

State law allows scire facias to be initiated by a motion to revive judgment. *See F.D.I.C. v. Bauman*, No. 90-614, 2004 WL 1732933, at *1 (N.D. Tex. July 30, 2004); *Vackar*

*v. Memorial Bank*, No. 01-1033, 2002 WL 1303424, at *1, 3 (Tex.App.-Houston [1 Dist.] June 13, 2002) (affirming an order granting scire facias on a motion to revive judgment); *Thomas v. Poonen,* No. 00-1233, 2001 WL 755638, at *2 (Tex.App.-Dallas July 6, 2001) (referring to a "motion to revive judgment scire facias"). This court retains personal jurisdiction and venue over the defendant during this scire facias action. *See Berly v. Sias*, 255 S.W.2d 505, 508 (Tex. 1953) ("[A] motion for scire facias is not an independent suit but is a continuation of the original suit. As a continuation of the original suit it is supported by the jurisdiction of the person obtained in the original case.").

There is, however, one problem with this court's ability to rule on the merits of the motion to revive judgment. The FDIC has not shown that it served defendant William K. Davis with a summons and a copy of the motion. The FDIC has instead certified that it served a copy of the motion on Davis via first class mail. Rule 154 of the Texas Rules of Civil Procedure specifically provides that "scire facias and returns thereon . . . shall conform to the requisites of citations and returns thereon, under the provisions of these rules." TEX. R. CIV. P. 154; *see also* TEX. R. CIV. P. 99 ("Issuance and Form of Citation"), 106 ("Method of Service"), 107 ("Return of Service"). In federal district court, a summons is the functional equivalent of a citation. Under the applicable state law, the FDIC must serve Davis with a summons, a copy of the motion to revive judgment, and a copy of this Memorandum Opinion and Order and demonstrate such service through a return of service. *See F.D.I.C. v. Bauman*, 2004 WL 1732933, at *2.

The motion to revive judgment is stayed for 60 days to permit the FDIC to serve the

defendant, William K. Davis, with a summons, a copy of the motion to revive judgment, and a copy of this Memorandum Opinion and Order and to demonstrate such service through a return of service. The defendant will have 20 days from the date service is effected to answer or otherwise respond to the motion.

SIGNED on July 28, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge